**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Eugenio VASQUEZ–TORRES, also known as Eleno Robles–Rodriguez, also known as Sergio Leon Villanueva–Sanchez, also known as Jaime Vasquez–Chamo, Defendant–Appellant.**

**No. 10–50654**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 23, 2011.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Philip J. Lynch, Assistant Federal Public Defender, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Eugenio Vasquez–Torres appeals the 57–month sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a). Relying on *Kimbrough v. United States*, 552 U.S. 85, 108–10, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), he argues that the guidelines range was too severe because U.S.S.G. § 2L1.2 is not empirically based and double counts a defendant's criminal record. He also argues that the guidelines range overstated the seriousness of his criminal history and non-violent reentry offense. Finally, Vasquez–Torres argues that the guidelines range failed to account for his motive for reentering, the age of his prior crime of violence conviction, the fact that he has been living a law-abiding life in the United States for several years, and the fact that he is a hard worker and good father.

This court has consistently rejected Vasquez–Torres's "empirical data" argument. *See United States v. Mondragon–Santiago*, 564 F.3d 357, 366–67 & n. 7 (5th Cir.), *cert. denied*, —— U.S. ——, 130 S.Ct. 192, 175 L.Ed.2d 120 (2009); *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir.), *cert. denied*, —— U.S. ——, 130 S.Ct. 378, 175 L.Ed.2d 231 (2009). This court has also rejected the argument that double-counting necessarily renders a sentence unreasonable. *See Duarte*, 569 F.3d at 529–31.

The district court considered Vasquez–Torres's request for a downward variance,

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and it ultimately determined that a sentence at the bottom of the applicable guidelines range was appropriate. The district court noted that Vasquez–Torres had been a problem for a long time. Although the district court acknowledged that he had not committed any new crimes in the last several years, the court noted that he had been removed from the United States on four occasions and that he had been in a position to hurt people many times. Specifically, the district court observed that Vasquez–Torres had seven prior convictions for driving while intoxicated, several alias, and at least nine recorded birth dates. Vasquez–Torres's assertions that § 2L1.2's lack of an empirical basis, the age and double-counting of his prior conviction, the non-violent nature of his offense, his motive for reentering, and his personal history and characteristics justified a lower sentence are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez–Herrera,* 523 F.3d 554, 565–66 (5th Cir.2008). Therefore, Vasquez–Torres has failed to show that his within-guidelines sentence is substantively unreasonable, and he has not shown error. *See id.; United States v. Campos–Maldonado,* 531 F.3d 337, 339 (5th Cir.2008). Accordingly, the district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.